IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Renee Castro, et al.,<br><br>        Plaintiffs,<br>  v.<br><br>American Mortgage Express Corp., et al.,<br><br>        Defendants. | NO. C 09-01575 JW<br><br>**ORDER GRANTING DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S APPLICATION TO SET ASIDE DEFAULT** |

Presently before the Court is Defendant Countrywide Home Loans, Inc.'s ("Countrywide") Application to Set Aside Default. (hereafter, "Motion," Docket Item No. 6.) Countrywide seeks to have the entry of default entered as to it while this case was proceeding in state court set aside. Plaintiffs filed a timely opposition.[1]

The Court finds it appropriate to take the matter under submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court GRANTS Defendant Countrywide's Application to Set Aside Default.

**A.   Background**

On January 8, 2009, Plaintiffs filed this action in the Superior Court of the State of California, alleging that Defendants, *inter alia*, violated the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq*., the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq*., and wrongfully foreclosed on Plaintiffs' property. (Notice of Removal, Ex. B., Docket Item No. 1.) On January 28,

---

[1] (Opposition to Countrywide Home Loans, Inc.'s Application to Set Aside Default, hereafter, "Opposition," Docket Item No. 11.)

2009, C.T. Corporation System ("C.T."), an authorized agent to receive process on behalf of Countrywide, received service of process on behalf of Countrywide.[2] On March 25, 2009, Countrywide received a Notice of Default. (Garnier Decl., Ex. C.) On April 10, 2009, Defendant ReconTrust Company removed the action pursuant to 28 U.S.C. §§ 1331 and 1446. (Notice of Removal ¶ 8.)

**B.    Discussion**

Countrywide moves to set aside the default entered against it on the ground that its failure to respond to Plaintiffs' Complaint was due to excusable neglect. (Motion at 5-6.)

Rule 55(c) states in relevant part, "[f]or good cause shown the court may set aside an entry of default." Fed. R. Civ. P. 55(c). Unlike Rule 60(b), which provides that a court may relieve a party from a final default judgment "on motion," Rule 55(c) requires only a "good cause showing." The Ninth Circuit has set forth a three-factor test to determine if "good cause" exists: (1) whether defendant's culpable conduct caused the default; (2) whether defendant appears not to have a meritorious defense; and (3) whether plaintiff would be prejudiced by setting the default aside. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001) (citing Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)). The Falk test is disjunctive; thus, the court may refuse to set aside default based upon any of the factors. Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108-09 (9th Cir. 2000).

Here, Countrywide contends that its failure to respond to Plaintiff's Complaint due to an internal clerical error, and supports its position with the following explanation regarding its procedure for responding to law suits:

> In light of the tremendous amount of law suits filed against Bank of America, Countrywide's parent corporation, and its subsidiaries, Bank of America has adopted a system for channeling complaints.[3] (Garnier Decl. ¶ 1-3.) When C.T. receives services on behalf of Countrywide, the process is uploaded to a database. (Garnier Decl. ¶ 3.) The Case

---

[2] (Declaration of Miles A. Garnier in Support of Countrywide Home Loans, Inc.'s Application to Set Aside Default, Ex. A., hereafter, "Garnier Decl.," Docket Item No. 7.)

[3] In March 2009, Bank of America was served with a total of 1,647 items of process. (Garnier Decl. ¶ 6.)

2

> Assignments department at Bank of America is responsible for reviewing all process served and routing it to the appropriate department. (Id.) When a lawsuit is filed against Countrywide, the Case Assignments department forwards the process and any other information to a managing attorney in the Countrywide litigation department. (Id. 4.) When the Case Assignments department receives process related to a non-adversarial action, the process is entered into a database called Correspondence & Imaging Workflow Integration ("CIWI"). (Id. ¶ 5.)
> On January 27, 2009, one day after receiving service, C.T. uploaded the process to its database. (Garnier Decl. ¶ 7, Ex. A.) On February 3, 2009, Supatra Ostrander, a contract employee in Bank of America's Case Assignments department, uploaded the process for this action into the CIWI database. (Id. ¶ 8.) Subsequent employees who handled the matter were unsure where to direct it because it had been categorized as a non-adversarial action. (Id.) On April 1, 2009, after receiving Countrywide's Notice of Default, Bank of America forwarded the documents concerning this case to the Countrywide legal department. (Id. ¶ 12.)

Based on the evidence presented above, the Court finds Countrywide's delay was the result of excusable neglect. Plaintiffs do not present any direct evidence to contradict the declarations provided by Countrywide.

With respect to whether Countrywide has a meritorious defense, the parties provide lengthy briefing on the adequacy of Plaintiffs' allegations. (See Motion at 6-8; Opposition at 4-7.) Without addressing the merits of the parties' contentions, the Court finds that Countrywide has sufficiently shown that it has potentially meritorious defenses to Plaintiffs' claims. Moreover, Plaintiffs do not show that they will be prejudiced in any way if the default as to Countrywide is set aside.

Accordingly, the Court GRANTS Defendant Countrywide's Application to Set Aside Default.

### C.  Conclusion

The Court GRANTS Defendant Countrywide's Application to Set Aside Default. Countrywide shall respond to the Complaint pursuant to Rule 12 of the Federal Rule of Civil Procedure on or before **July 20, 2009**.

Dated:  June 23, 2009

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Andrew Weiss Noble awn@severson.com
Lawrence Pedro Ramirez lpramirez@thellg.com
Mark Joseph Kenney mjk@severson.com
Michael Jan Steiner mjs@severson.com

**Dated: June 23, 2009**                                              **Richard W. Wieking, Clerk**

                                                                                   **By:   /s/ JW Chambers**
                                                                                       **Elizabeth Garcia**
                                                                                       **Courtroom Deputy**

**United States District Court**
For the Northern District of California